UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KELLY PATRICK,

    Plaintiff,

v.     Case No. 5:25-cv-369-TPB-PRL

THE CIRCUIT COURT FOR THE
FIFTH JUDICIAL CIRCUIT OF
FLORIDA,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Kelly Patrick's complaint filed on June 12, 2025. (Doc. 1). Plaintiff filed this suit against the Fifth Judicial Circuit in and for Citrus County, Florida. Plaintiff essentially challenges a civil stalking injunction that was entered against her "without proper jurisdiction notice, or factual basis" in state court proceedings.[1] She further requests injunctive relief to prevent an individual named Jean Badyna (Plaintiff's biological mother) from "further harassment, defamation, or attempts to interfere with [her] personal or professional life, including contact with individuals close to me, including my nephew."[2] Plaintiff requests actual damages in the amount of $150,000 and punitive damages in the amount of $250,000. Because Plaintiff is proceeding *pro se*,

---

[1] Plaintiff alleges that in *Badyna v. Patrick*, 2021 DR 000920 (5th Jud. Cir.), a civil stalking injunction was entered against her by Judge Joel Fritton on August 20, 2021.
[2] Jean Badyna is not a named defendant in this case.

the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

Plaintiff's complaint suffers from a number of critical defects. First, the complaint appears to take issue with state court rulings, orders, and judgments related to a domestic relations injunction. Her claims are therefore barred by the *Rooker-Feldman* doctrine to the extent that she seeks review of state court proceedings and rulings by a federal court. **Federal courts are not the appropriate court for the appeal of state court decisions.** "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia,* 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

Second, to the extent that Plaintiff is asking the Court to intervene in any ongoing state court proceeding, the Court would abstain from doing so under the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics*

*Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending.[3]

For these reasons, this action is dismissed. Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond. *See Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* (citing *Tazoe*, 631 F.3d at 1336). Because amendment would be futile, the case is dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Ocala, Florida, this 17th day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that it appears the injunction was modified on May 2, 2025.